Tod THELEN, Plaintiff—Appellant,

v.

Michael J. ASTRUE,* Defendant—Appellee.

No. 05–16795.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2007.

Filed Nov. 7, 2007.

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

Phyllis A. Matyi, Larkspur, CA, for Plaintiff–Appellant.

Armand D. Roth, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: TROTT and GRABER, Circuit Judges, and SHADUR **, Senior Judge.

## MEMORANDUM ***

Plaintiff Tod Thelen appeals the district court's affirmance of the decision of the Administrative Law Judge's ("ALJ") denial of Social Security Disability Benefits and Supplemental Income. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand for reconsideration.

We review de novo the district court's grant of summary judgment. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.2005). The denial of benefits by the ALJ may be set aside only if it is based on legal error or is not supported by substantial evidence. *Id.* Absent affirmative evidence of malingering, an ALJ's adverse credibility finding must be supported by clear and convincing reasons. *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir.2001).

In discrediting Thelen's testimony, the ALJ repeatedly emphasized that Thelen "coaches children's baseball." Although Thelen himself used the word coaching, the transcript of his testimony makes it clear that his only involvement as a coach was to count pitches. There is no evidence in the record that Thelen did anything more than that. The label in the ALJ's decision of this passive and sedentary activity as "coaching" without any further qualification materially overstates the record and creates a misleading impression of Thelen's capacity. Any person who read the words "coaches children's baseball" would have an impression of Thelen's activity far different from the record.

Second, and more importantly, the ALJ did not have all parts of the record before him. Specifically, a letter from a treating psychologist, Dr. Levinson, was not before the ALJ. The letter explains that Levinson had performed a series of tests on Thelen, including the Beck Depression Inventory, the McGill Pain Questionnaire, the Multi–Dimensional Pain Inventory,

---

** The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and the Minnesota Multiphase Personality Inventory. The letter went on to summarize the results of the tests performed, and stated "[i]n general, this profile suggests that this patient is very psychologically distressed." The letter was in the Appeals Council's exhibits and stamped "received June 29, 2001." A notation on the letter reads: "These two reports were received by the H.O. but were not entered into the record. They were found at the bottom of the claim file." Although the Appeals Council did not find that the missing letter could have changed the outcome with regard to whether Thelen's depression constituted an impairment, the Appeals Council did not consider whether the letter might have bolstered Thelen's credibility in the ALJ's eyes.

**VACATED** and **REMANDED** to the district court for **REMAND** to the Social Security Administration for reconsideration.

